FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2010 JUN 10  PM 1:54

CLERK US DIST CT COURT
OCA . . .

COLONY INSURANCE COMPANY,

      Plaintiff,

vs.

CRUZLEE, LLC D/B/A/ SPORTS TIME BAR &
GRILL, SOUTHRIDGE PROPERTIES, INC.,
LAVERA MARSHALL, and LINDA MILLER, as
Personal Representative of the ESTATE OF JAMES
BERNARD MILLER, Deceased.

      Defendants.

_____/

5:10-CV-251-OC-10G . . .

## COMPLAINT FOR DECLARATORY JUDGMENT

    Plaintiff, COLONY INSURANCE COMPANY ("Colony Insurance"), sues the

Defendants, CRUZLEE, LLC D/B/A/ SPORTS TIME BAR & GRILL ("Sports Time Bar"),

SOUTHRIDGE PROPERTIES, INC. ("Southridge"), LAVERA MARSHALL ("Marshall"), and

LINDA MILLER, as Personal Representative of the ESTATE OF JAMES BERNARD

MILLER, Deceased ("Miller") and alleges:

    1.    This action is within the jurisdiction of the United States District Court pursuant

to 28 U.S.C. Section 1332 (a)(1).

    2.    Venue is proper in the Middle District of Florida, Ocala Division, pursuant to 28

U.S.C. Section 1391(a)(1) and (2) as the matter in controversy arose in this District and the

Defendants are subject to personal jurisdiction in this District.

3.     The matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and as is herein below described, is between citizens of different states.

4.     Plaintiff, Colony Insurance, is a corporation organized and existing under the laws of the state of Virginia with its principal place of business in Richmond, Virginia.   Colony Insurance is a citizen of the state of Virginia.

5.     Defendant, Sports Time Bar is a limited liability company organized and existing under the laws of the state of Florida with its principal place of business in Florida.   Dominic Goncalves, the Managing Member of Defendant Sports Time Bar, is a citizen of Florida. Dominic Goncalves is the only member of Sports Time Bar.  Sports Time Bar is a citizen of the state of Florida.

6.     Defendant, Southridge is a corporation organized and existing under the laws of the state of Florida with its principal place of business in Florida.  Southridge is a citizen of the state of Florida.

7.     Defendant, Marshall is a resident of Mt. Dora, Florida, and is a citizen of the state of Florida.

8.     Defendant Miller is the personal representative of the Estate of James Bernard Miller.  James Bernard Miller was a resident of Eustis, Florida and a citizen of the state of Florida.

9.     This action involves questions of insurance coverage with respect to a personal injury claim and a wrongful death claim which arise out of the same event, a shooting by an unidentified shooter, that occurred at Sports Time Bar on July 26, 2009.

2

10.     With respect to the personal injury claim, Marshall contends that she was injured as a result of being shot in the leg due to failure of Sports Time Bar and Southridge to provide adequate security measures, failure to provide a secure facility, and failure to provide a reasonably safe environment.

11.     Based upon these alleged facts, Marshall filed a lawsuit styled, <u>Lavera Marshall v. Cruzlee, LLC D/B/A/ Sports Time Bar & Grill and Southridge Properties, Inc.</u>, in the Circuit Court of the 5th Judicial Circuit, in and for Lake County, Florida ("personal injury claim"), seeking to recover damages.

12.     A copy of the complaint filed in the underlying personal injury action is attached hereto as **Exhibit A** (Bates numbered CIC 0001 through CIC 0006).

13.     With respect to the wrongful death claim, Miller contends that James Bernard Miller was shot and killed due to failure of Sports Time Bar and Southridge to provide adequate security measures, failure to provide a secure facility, and failure to provide a reasonably safe environment.

14.     Based upon these alleged facts, Miller has made a demand upon Colony Insurance, has threatened to file a lawsuit, and has provided Colony Insurance with a courtesy copy of a putative complaint styled <u>Linda Miller as Personal Representative of the Estate of James Bernard Miller, Deceased, and on behalf of Linda Miller and James Bernard Ford, Surviving Parents of the Deceased and Jayla Bowman, Surviving Minor Child of the Deceased v. Southridge Properties, Inc. and Cruzlee, LLC d/b/a/ Sports Time Bar and Grill.</u>

15.     A copy of the putative complaint which sets out the wrongful death claim is attached hereto as **Exhibit B** (Bates numbered CIC 0007 through CIC 00016).

### The Colony Policy Insuring Agreement

16.     Colony Insurance issued a Commercial General Liability Policy to Sports Time Bar, No. MP3774200 ("Policy") in Lake County (Oldsmar), Florida, with effective dates February 13, 2009 to February 13, 2010.

17.     A true and accurate copy of the Policy is attached hereto as **Exhibit C** (Bates numbered CIC 0017 through CIC 0126).

18.     The Policy contains the following insuring obligation:

**SECTION I - COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

**a.**     We will pay those sums that the insured be- comes legally obligated to pay as damages be-cause of "bodily injury" "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which the insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

   **(1)**     The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

   **(2)**     Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A or B** or medical expenses under Coverage C.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A and B.**

4

    **b.**    This insurance applies to "bodily injury" and "property damage" only if:

        **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)**    The "bodily injury" or "property damage" occurs during the policy period;

* * *

Policy at Pages 1, Bates numbered CIC 0031.

    19.    The Policy also contains the following exclusions under Coverage A -- Bodily Injury and Property Damage Liability:

### THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

### ASSAULT, BATTERY OR ASSAULT AND BATTERY EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

    **A.**    **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions and SECTION I – COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions are amended and the following added:**

    **Assault, Battery or Assault and Battery**

This insurance does not apply to damages or expenses due to "bodily injury", "property damage" or "personal and advertising injury" arising out of or resulting from:

        **(1)**    "Assault", "Battery" or "Assault and Battery" committed by any person;

        **(2)**    The failure to suppress or prevent "Assault", "Battery" or "Assault and Battery" by any person;

5

(3)     The failure to provide an environment safe from "Assault", "Battery" or "Assault and Battery";

(4)     The failure to warn of the dangers of the environment which could contribute to "Assault", "Battery" or "Assault and Battery";

(5)     "Assault", "Battery" or "Assault and Battery" arising out of the negligent hiring, supervision, or training of any person;

(6)     The use of any force to protect persons or property whether or not the "bodily injury" or "property damage" or "personal and advertising injury" was intended from the standpoint of the insured or committed by or at the direction of the insured.

B.    **SECTION V – DEFINITIONS** is amended and the following is added:

"Assault" means:

a.      an act creating an apprehension in another of immediate harmful or offensive contact, or

b.      an attempt to commit a "Battery".

"Battery" means an act which brings about harmful or offensive contact to another or anything connected to another.

"Assault and Battery" means the combination of an "Assault" and a "Battery".

ALL OTHER TERMS AND CONDITIONS OF THE POLICY
REMAIN UNCHANGED.

Endorsement U006 0707, Bates numbered CIC 0057.

20.    The Policy also contains the following additional insured endorsement:

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE
READ IT CAREFULLY.

**ADDITIONAL INSURED –**

**MANAGERS OR LESSORS OF PREMISES**

6

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

## SCHEDULE

**Name of Additional Insured Person(s) or Organization(s):**

South Ridge Properties
4101 County Road 561
Tavares, FL 32778

**Designated Premises (Part Leased to You):**

4101 County Road 561
Tavares, FL 32778

A.   **SECTION II – WHO IS AN INSURED** is amended to include as an additional insured any person(s) or organization(s) shown in the Schedule when you and such person or organization have agreed in writing in a lease, contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by your ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule.

A person's or organization's status as an "additional insured" under this endorsement ends when their lease, contract or agreement with you ends.

B.   With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to:

**End of Lease**

Any "occurrence" that takes place after the lease or management agreement pertaining to the designated premises is cancelled or expires.

**Construction or Changes**

7

Structural alterations, new construction or demolition operations performed by or on behalf of the person or organization shown in the Schedule.

**Negligence of Additional Insured**

"Bodily injury" or "property damage" directly caused by or resulting from the negligence of the "additional insured(s)".

ALL OTHER TERMS AND CONDITIONS OF THE POLICY
REMAIN UNCHANGED

Endorsement U157 0707, Bates numbered CIC 0058.

## The Personal Injury Claim

21.     With respect to the personal injury claim, Marshall seeks to recover damages for injuries she sustained as a result of being shot in the leg while on the property known as Sports Time Bar and owned by Southridge. See Exhibit A ¶ 7.

22.     With respect to the personal injury claim, Marshall seeks to recover damages for bodily injury resulting from a "Battery."

23.     With respect to the personal injury claim, Marshall alleges that Sports Time Bar and Southridge failed to provide adequate security measures, failed to provide a secure facility, failed to warn of the dangers of the area, and failed to take other measures to provide a reasonably safe environment. See Exhibit A ¶¶ 8, 14, 21.

24.     With respect to the personal injury claim, Marshall seeks to recover damages for injuries resulting from alleged failure to suppress or prevent a "Battery."

25.     With respect to the personal injury claim, Marshall seeks to recover damages for injuries resulting from the alleged failure to provide an environment safe from a "Battery."

26.     With respect to the personal injury claim, Marshall seeks to recover damages for the alleged failure to warn of the dangers of the environment which could contribute to a "Battery."

27.     With respect to the personal injury claim, Marshall seeks to recover damages for "Battery" arising out of alleged negligent hiring, supervision, or training of employees of Sports Time Bar and/or Southridge.

28.     With respect to the personal injury claim, Marshall asserts that the damages are a "direct and proximate result" of the negligence of Southridge. See Exhibit A ¶¶ 15, 22.

29.     Colony Insurance reserved its right to deny coverage to Sports Time Bar in a reservation of rights letter dated August 10, 2009.

30.     Colony Insurance reserved its right to deny coverage to Southridge in a reservation of rights letter dated August 10, 2009.

31.     Coverage is excluded for the personal injury claim by the "Assault, Battery, or Assault and Battery" Exclusion.

32.     Coverage is excluded for the personal injury claim against Southridge for injuries and damages directly caused by or resulting from the alleged negligence of Southridge.

### The Wrongful Death Claim

33.     Miller claimed damages for the alleged wrongful death of James Bernard Miller as a result of being shot while on the property known as Sports Time Bar and owned by Southridge. See Exhibit B ¶ 12.

34.     With respect to the wrongful death claim, Miller seeks to recover damages for bodily injury resulting from a "Battery."

35.    With respect to the wrongful death claim, Miller alleges that Sports Time Bar and Southridge failed to provide adequate security measures, failed to provide a secure facility, failed to warn of the dangers of the area, and failed to take other measures to provide a reasonably safe environment. See Exhibit B ¶ 13.

36.    With respect to the wrongful death claim, Miller seeks to recover damages for injuries resulting from alleged failure to suppress or prevent a "Battery."

37.    With respect to the wrongful death claim, Miller seeks to recover damages for injuries resulting from the alleged failure to provide an environment safe from a "Battery."

38.    With respect to the wrongful death claim, Miller seeks to recover damages for the alleged failure to warn of the dangers of the environment which could contribute to a "Battery."

39.    With respect to the wrongful death claim, Miller seeks to recover damages for "Battery" arising out of alleged negligent hiring, supervision, or training of employees of Sports Time Bar and/or Southridge.

40.    With respect to the wrongful death claim, it is alleged that the damages are a "direct and proximate result" of the negligence of Southridge. See Exhibit B ¶¶ 15, 16, 18, 20, 22, 24.

41.    Colony Insurance reserved its right to deny coverage to Sports Time Bar in a reservation of rights letter dated August 10, 2009.

42.    Colony Insurance reserved its right to deny coverage to Southridge in a reservation of rights letter dated August 10, 2009.

43.    Coverage is excluded for the wrongful death claim by the "Assault, Battery, or Assault and Battery" Exclusion.

10

44.    Coverage is excluded for the wrongful death claim against Southridge for injuries and damages directly caused by or resulting from the alleged negligence of Southridge.

## Declaration of Rights

45.    It is the position of Colony Insurance that Defendants are not entitled to insurance coverage.  Nevertheless, Colony is in need of and entitled to a declaration of rights regarding same.

46.    There exists a bona fide, actual and present dispute between the parties.

47.    Colony Insurance is in need of judicial interpretation or construction of the aforementioned insurance Policy as it relates to the personal injury claim made by Marshall and the wrongful death claim made by Miller.

48.    Colony Insurance is without an adequate remedy at law except by this Court's Declaratory Judgment declaring the rights of the Plaintiff.

WHEREFORE, Plaintiff, Colony Insurance Company, requests that this Court assume jurisdiction of this cause and issue a judgment declaring the following: (1) That there is no insurance coverage afforded by Colony Insurance for the shooting of Lavera Marshall; (2) That there is no insurance coverage afforded by Colony Insurance for the personal injury claim; (3) That there is no insurance coverage afforded by Colony Insurance for the shooting of James Bernard Miller; (4) That there is no insurance coverage afforded by Colony Insurance for the wrongful death claim; (5) That Colony has no duty to defend or indemnify Cruzlee d/b/a/ Sports Time Bar & Grill with respect to the personal injury claim or the wrongful death claim; and (6) That Colony Insurance has no duty to defend or indemnify Southridge Properties, Inc. with respect to the personal injury claim or the wrongful death claim; and further awarding Colony Insurance its costs in this action.

11

DATED this 8th day of June, 2010.

Respectfully submitted,

David B. Shelton
Florida Bar No. 0710539
Email: dshelton@rumberger.com
Sarah H. McDonald
Florida Bar No. 0519022
Email: smcdonald@rumberger.com
RUMBERGER, KIRK & CALDWELL
Telephone: (407) 872-7300
Telecopier: (407) 835-2078
Attorneys for Plaintiff, Colony Insurance Company